**Appeal No. 22-4015**

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

_____

**ANNETTE HENRIE**,

Appellant/Plaintiff

v.

**CARBON SCHOOL DISTRICT**,

Appellee/Defendant
_____

Appeal from the United States District Court
for the District of Utah, Case No. 2:19-cv-00723
Judge Dale A. Kimball
_____

**REPLY BRIEF OF THE APPELLANT
ORAL ARGUMENT REQUESTED**
_____

**Andrew W. Stavros**
STAVROS LAW P.C.
8915 South 700 East, Suite 202
Sandy, Utah 84070
Tel: (801) 758-7604
andy@stavroslaw.com

*Attorneys for Appellant Annette Henrie*

# **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................... 1

ARGUMENT ...................................................................................................... 1

   I.   APPLICATION OF THE SUMMARY JUDGMENT STANDARD .............. 1

   II.  THE 2015 COMPLAINT WAS A PROTECTED ACTIVITY ....................... 4

   III. HENRIE SUFFERED ADVERSE ACTIONS ............................................... 6

CONCLUSION ................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**

*Fassbender v. Correct Care Sols., LLC*, 890 F.3d 875, 890 (10th Cir. 2018) .............................. 5
*Hansen v. SkyWest Airlines*, 844 F.3d 914, 926 (10th Cir. 2016) ................................................ 5
*Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014, 1015 (10th Cir. 2004) .............................................. 3
*Lamb v. Montrose Cty. Sheriff's Off.*, No. 19-1275, 2022 U.S. App. LEXIS 4401, 2022 WL 487105, at *4 (10th Cir. Feb. 17, 2022) .................................................................................... 5
*Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000) .................................... 4
*Robbins v. Jefferson Cty. Sch. Dist.*, 186 F.3d 1253, 1258 (10th Cir. 1999) ................................ 3
*Turnbull v. Topeka State Hosp.*, 255 F.3d 1238, 1241 (10th Cir. 2011) ...................................... 4
*Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 997 (10th Cir. 2011) .................................... 3

# INTRODUCTION

Appellant Annette Henrie contends on appeal that the District Court erred in granting summary judgment in favor of Carbon School District on the grounds that Henrie failed to make a prima facie showing that she faced discrimination and retaliation. In finding in favor of Carbon School District, the District Court held that Henrie's 2015 complaint was not a protected activity under Title VII and Title IX and that she had not suffered any adverse action against her after her 2016 complaint. In so doing, the Court departed from the standard of review of viewing the evidence in the light most favorable to Henrie and made an impermissible factual finding.

In its Response Brief, Carbon School District does not dispute or contradict the facts identified by Henrie in support of her claims. Henrie has set forth competent evidence to support that there are material questions that should be presented to a jury, thus mandating a reversal of the District Court.

# ARGUMENT

## I. APPLICATION OF THE SUMMARY JUDGMENT STANDARD

In its answer brief, Appellees Carbon School District (the "District") argue that the district court correctly applied the summary judgment standard on Henrie's retaliation claims. Aplee. Br. at p. 22. The basis for this argument relies on what the District claims was Henrie's "failure" to identify what factual disputes were created, what evidence created it, or discussion in support.

1

As a preliminary matter, Henrie began her argument in support of the district court's incorrect application of the summary judgment standard by referencing the disputed facts and evidence cited in the brief itself. *See* Aplt. Br. at p. 15. Henrie also makes specific mention of the 2015 Complaint and the testimonial and documentary evidence discuss at length in the brief. *Id*. Henrie's opening brief addresses the following facts and evidence that the district either made credibility determinations upon or failed to construe in a light favorable to Henrie on:

- The fact that Henrie specifically mention fear of retaliation, fear of having losing job duties by having them stripped from her, and Cox's bad behavior in her 2015 Complaint. Aplt. Br. at p. 10.
- The court's determination that her 2015 Complaint was not an adverse action because her complaint did not "connect sex or gender to her complaints" about Cox and his behavior, even though there is no such requirement under the cases cited, and the court itself acknowledged there is no specific language requirement. Aplt. Br. at p. 7.
- The district court failed to consider the adverse actions Henrie faced after her 2015 Complaint. Aplt. Br. at pp. 12-13.
- Disregarding Henrie's testimony that the written directive she received was a disciplinary action and that the basis for the written directive was not confirmed by Cox. *Id*. at 13.
- Labeling Henrie's non-inclusion in work meetings as a "non-issue," discrediting the evidence and her testimony. *Id*.
- Erroneously determining Henrie "never performed the role" for Medicaid billing, even though both she and Cox testified she was working with Medicaid billing and in training. *Id*. at 14.

To suggest that simply because Henrie did not restate the arguments, facts, and evidence set forth in her brief in arguing about the district court's failure to apply the correct standard ignores the totality of the brief.

2

The District also argues that Henrie failed to show which evidence the district court failed to construe in the light most favorable to her. First, as set forth above, Henrie cited to several instances where she mentioned evidence the district court failed to construe in her favor. Second, despite the District's contention that Henrie failed to identify phrases and events that would make her 2015 Complaint a protected activity, Henrie cited to her fear of retaliation, fear of having losing job duties by having them stripped from her, and Cox's bad behavior. Henrie also specifically cited opinions from the Tenth Circuit Court of Appeals that refute the district court's assertion that Henrie was required to use specific language in her complaint. Protected activity may include a range of activities, including "filing formal charges to voicing informal complaints to superiors." *Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014, 1015 (10th Cir. 2004). "Title VII extends protection to those who informally voice complaints to their superiors or who use their employers' internal grievance procedures." *Robbins v. Jefferson Cty. Sch. Dist.*, 186 F.3d 1253, 1258 (10th Cir. 1999)(internal quotation omitted).

In this case, the district court failed to apply the appropriate standard. "In applying this standard, we view the evidence and the reasonable inferences to be drawn from the evidence in the light most favorable to the nonmoving party." *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 997 (10th Cir. 2011). If the evidence is "susceptible of different interpretations or inferences by the trier of fact," summary

3

judgment is not appropriate. *Hunt v. Cromartie*, 526 U.S. 541, 552-553 (1999). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000); *Turnbull v. Topeka State Hosp.*, 255 F.3d 1238, 1241 (10th Cir. 2011).

As set forth herein and in her opening brief, the district court failed to apply this standard appropriately by erroneously requiring that Henrie specifically convey she thought that Cox's behavior was motivated by gender, finding Henrie's non-inclusion in work meetings to be a "non-issue," discrediting the evidence and her testimony, and failing to view language in the written directive in a light most favorable to her. Under the appropriate standard, there is a dispute as to when Henrie engaged in a protected activity first, precluding summary judgment.

## II. THE 2015 COMPLAINT WAS A PROTECTED ACTIVITY

The District argues that because the district court determined that Henrie failed to "connect sex or gender to her complaints about Cox and his behavior," the district court correctly found that Henrie's letter was not a protected activity. The District argues that on its face, "the 2015 complaint failed to identify any sexual discrimination or sexual harassment and therefore wasn't a protected activity." Aplt. Br. at p. 15. Both the district court and the District are applying a standard that simply does not exist.

4

To show she engaged in protected activity, Henrie does not need to show that he "reported an actual Title VII violation." *Fassbender v. Correct Care Sols., LLC*, 890 F.3d 875, 890 (10th Cir. 2018). Indeed, protected opposition in the context of retaliation claims has a "broad definition." *Hansen v. SkyWest Airlines*, 844 F.3d 914, 926 (10th Cir. 2016). Indeed, all that is required is that there is "some perceptible connection to the employer's alleged illegal employment practice," and "it must be possible to discern from the context of the statement that the employee opposes an unlawful employment practice." *Lamb v. Montrose Cty. Sheriff's Off.*, No. 19-1275, 2022 U.S. App. LEXIS 4401, 2022 WL 487105, at *4 (10th Cir. Feb. 17, 2022).

First, the District fails to cite to any authority that in order to constitute a protected activity, a plaintiff must specifically connect sex or gender to her complaint. Both the District and the court in its Decision acknowledge that there are "no specific language requirements" when submitting complaints. App. at 139, 163. In her 2015 Complaint, Henrie, a female, specifically mentioned it was a formal complaint against her supervisor, who is male. App. at 200. In this complaint, Henrie stated several issues that had occurred between her and Cox. *Id*. at 200-204. Included in the complaint was the fact that Cox had followed her to lunch. *Id*. at 203. It also contained references and language regarding Henrie's feelings of being belittled, bullied, and demeaned, and the desire to be separated from him in the work place.

*Id*. She mentioned feeling "threatened by his demeanor." *Id*. at 202. She made it clear that she feared retaliation for bringing this complaint: "It should also be fair and equitable where my duties are not striped [sic] of me because I have complained about Roberts actions. I need an environment where I feel safe and I want to come and not worry <u>he will retaliate</u>." *Id*. at 204 (emphasis added).

Henrie repeatedly expressed fear of retaliation from Cox in this letter, and not just generalized retaliation, but specifically that the accommodations she requested could result in repercussions directly from Cox or having her duties stripped because she submitted this complaint. The letter details *several* instances of harassment she faced from her male superior. A reasonable jury could conclude, or discern from the context, that the 2015 Complaint constituted a protected activity based on the language she used in her complaint. The district court failed to construe the evidence in the light most favorable to Henrie as the non-moving party. Therefore, this Court should reverse this decision and find that summary judgment was not appropriate for determining whether Henrie's September 2015 complaint was a protected activity and allow the claim to be presented to a jury.

### III.     HENRIE SUFFERED ADVERSE ACTIONS

First, as set forth herein, because a reasonable jury could conclude that the 2015 Complaint constituted a protected activity, the district court failed when it did not consider the adverse actions Henrie suffered after that complaint, as set forth in

the opening brief. The district court disregarded the evidence Henrie set forth regarding the adverse actions she faced, categorizing them as "non-issues" and failed to construe the facts and evidence in her favor as required by the standard.

The district failed to properly weigh the evidence regarding the adverse actions Henrie faced. As to the meetings she attended, it was not "one missed meeting," as the District contends. Aplt. Br. at 18. Cox testified that Henrie previously would assist him with many of his duties, and that it was not just "on occasion," but he testified Henrie was involved "as much as possible." App. at 194-195. Henrie was cut out of much more than just one meeting, which the district court failed to consider.

Second, the District erroneously asserts Henrie "never performed" the role in Medicaid billing. Aplt. Br. at 19. Henrie was training to do Medicaid billing but was suddenly informed that someone else would take her place in the training. App. at 183-185. Cox verified that she was performing duties with Medicaid before those duties were taken from her. App.at 194. She made it to the "very end" of her training and was suddenly informed she would not be doing that any longer without a justifiable reason. App. at 184-185. This action undoubtedly had an impact on Henrie's employment, as a role she was working for was suddenly stripped from her shortly after she engaged in a protected activity.

Third, although the District argues the written directive was not disciplinary, the plain language in the letter contained threatening language regarding potential termination and was based on unfounded allegations. The District states that because it stated that it was "not a disciplinary letter," it was not an adverse action. However, Henrie received this letter just two months after her November 2016 complaint. Although the letter claimed to be a directive rather than a disciplinary measure, it *twice* made references to violations Henrie was alleged to have committed as "Causes for Dismissal." *Id*. Henrie testified she did not believe the District's assertion that it was not a disciplinary letter due to its harsh language. App. at 186.

The District also argues the letter did not cause any change in her employment status. Aplt. Br. at 20. This is not supported by the plain language of the letter. The letter referred to her as "highly unprofessional," implied she was not filling her job duties, and accused her of making employees "uncomfortable." App. at 205. The accusers remained anonymous and Henrie was not informed what they said about her specifically. *Id*. Cox testified that he had never heard from others that Henrie spoke negatively of him to others. App. at 196. Therefore, the written directive included language about how Henrie needed to improve in her job duties based on unsubstantiated reports from anonymous teachers or face potential termination. App. at 205.

Given the timing and the totality of the circumstances, along with the documentary and testimonial evidence, the question of whether Henrie faced adverse action should have been presented to the jury. A reasonable jury could find that she was retaliated against for submitting her complaint.

## CONCLUSION

For the reasons set forth herein, this Court should reverse the district court's grant of summary judgment on Henrie's retaliation claims.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant Annette Henrie respectfully requests oral argument because this case presents important and complex questions of law surrounding retaliation claims, the summary judgment standard to be applied, and has a substantial impact on Appellant's life. Oral argument will further ensure that any shortcomings in counsel's written presentation are revealed and corrected in colloquy with the Court.

Respectfully submitted this 7th day of October 2022.

/s/ Andrew W. Stavros
Andrew W. Stavros
*Attorney for Appellant/Plaintiff*

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1) and Fed. R. App. P. 29(a)(5), I certify that this Appellant's Reply:

(a) was prepared using Times New Roman font;

(b) is proportionally spaced; and

(c) contains 2088 words, excluding parts exempted by Fed. R. App. P. 32(f)

Respectfully submitted this 7th day of October 2022.

/s/ Andrew W. Stavros
Andrew W. Stavros
*Attorney for Appellant/Plaintiff*

# CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing:

(1) all required privacy redactions have been made per 10th Cir. R. 25.5;
(2) if required to file additional hardcopies, that the ECF submission is an exact copy of those documents; and
(3) the digital submissions have been scanned for viruses with the most recent version of Kaspersky, and according to the program are free from viruses.

Respectfully submitted this 7th day of October 2022.

/s/ Andrew W. Stavros
Andrew W. Stavros
*Attorney for Appellant/Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of October 2022, the **REPLY BRIEF OF THE APPELLANT** was filed and served on all counsel of record via the ECF system.

Respectfully submitted this 7th day of October 2022.

/s/ Andrew W. Stavros
Andrew W. Stavros
*Attorney for Appellant/Plaintiff*